# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 3883 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| TYREE CRAIG, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Tyree Craig filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Craig claims that, following the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), his conviction for Hobbs Act robbery is not a valid predicate for his conviction for using, carrying, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). Because Craig's argument is foreclosed by circuit precedent, his motion [1] [3] is denied.

## Factual and Procedural Background

On July 23, 2015, Craig was charged in a superseding information with robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), as well as using, carrying, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A). *See* Superseding Information, No. 14 CR 151, ECF No. 88. The Government alleged that Craig had robbed a gas station and a jewelry store, taking property from employees of those establishments by means of actual and

threatened force and fear of injury. *See generally id.* Additionally, the Government alleged, Craig had used, carried, and brandished a .40 caliber firearm during and in relation to the jewelry-store robbery. *See generally id.*

Craig pleaded guilty to the superseding information on August 10, 2015. *See* Plea Agreement, No. 14 CR 151, ECF No. 98. The Court imposed a sentence of 110 months of imprisonment as to the robbery counts, to run consecutively to the statutory mandatory minimum sentence of 84 months for the § 924(c) charge. *See* Judgment, No. 14 CR 151, ECF No. 147.

Craig appealed, arguing that a violation of the Hobbs Act was not a "crime of violence" for purposes of the mandatory consecutive sentence under § 924(c). *See* 7th Circuit Order, No. 14 CR 151, ECF No. 164. Relying on *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017), the Seventh Circuit affirmed Craig's conviction. *See* 7th Circuit Order at 2, No. 14 CR 151.

## **Legal Standard**

Section 2255 provides that a criminal defendant is entitled to relief from his conviction and sentence if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. *Id.* Relief under § 2255 is available

"only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## Analysis

As noted above, Craig challenges his conviction and sentence under § 924(c)(1)(A), which imposes criminal penalties upon any person who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime" or who possesses a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). In turn, § 924(c)(3) defines a "crime of violence" as:

> [A]n offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). Section 924(c)(3)(A) is frequently referred to as the "elements clause," while section 924(c)(3)(B) is termed the "residual clause." *Anglin*, 846 F.3d at 964, *cert. granted, judgment vacated on other grounds*, 138 S. Ct. 126 (2017).

In his § 2255 petition, Craig points to the Supreme Court's decision in *Sessions*, 138 S. Ct. 1204. There, the Supreme Court held that the definition of "crime of violence" found in 18 U.S.C. § 16(b)—which uses language substantially similar to § 924(c)(3)(B)—was unconstitutionally vague under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Craig reasons that, if § 16(b) is

3

unconstitutionally vague, § 924(c)(3)(B) must also be unconstitutional and cannot support his conviction.

Thus far, Craig is correct. Not only has the Seventh Circuit held since 2016 that § 924(c)'s residual clause is unconstitutionally vague, *see United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016), but the Supreme Court has also recently agreed and struck down the clause, *see United States v. Davis*, 139 S. Ct. 2319, 2323–24 (2019).

As the Government points out, however, the Seventh Circuit held in *Anglin* that Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). 846 F.3d at 965. The Hobbs Act defines robbery as the taking of property "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to [the victim's] person or property." 18 U.S.C. § 1951(b)(1). In *Anglin*, the Court of Appeals explained that "[c]omitting such an act necessarily requires using or threatening force," and thus Hobbs Act robbery fits squarely within the elements clause. 846 F.3d at 965. Under this reasoning, Hobbs Act robbery qualifies as a predicate felony for Craig's § 924(c) conviction under the elements clause, without reference to the unconstitutionally vague residual clause. *See also* 7th Circuit Order at 2, No. 14 CR 151.

Craig argues, however, that *Anglin* is not controlling because the Seventh Circuit did not consider in that case whether the "force" described in the Hobbs Act rises to the level of "violent physical force" necessary to constitute a "crime of violence" under § 924(c). *See United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016)

4

(discussing the requirement of "violent force" as described in *Johnson v. United States*, 559 U.S. 133, 143 (2010)). From Craig's perspective, Hobbs Act robbery is merely "common-law robbery with an interstate element." *See* Mem. Supp. § 2255 Mot. at 1, ECF No. 3. And, he argues, common-law robbery requires a minimal level of force that does not satisfy the "violent force" requirement of § 924(c)'s elements clause. *See id.* at 8 (citing cases).

Although the Seventh Circuit in *Anglin* did not explicitly address the arguments Craig raises here, it reached its decision by analogy to other cases holding that robbery statutes similar to the Hobbs Act give rise to convictions for crimes of violence. *See Anglin*, 846 F.3d at 965 (citing *Armour*, 840 F.3d at 908–09; *United States v. Duncan*, 833 F.3d 751, 758 (7th Cir. 2016); *United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005)). Furthermore, the Seventh Circuit has repeatedly reaffirmed the holding of *Anglin* against challenges such as Craig's. *See, e.g.*, *United States v. Allen*, 750 F. App'x 490, 492 (7th Cir. 2019); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *Haynes v. United States*, 873 F.3d 954, 955 (7th Cir. 2017). And courts within the Seventh Circuit have held that *Anglin* is still controlling after both *Sessions* and *Davis*. *See, e.g.*, *Williams v. United States*, No. 16-cv-02173, 2019 WL 3084230, at *2 (C.D. Ill. July 15, 2019); *Cooper v. Warden, FCI-Greenville*, No. 18-cv-1191-DRH, 2018 WL 3158882, at *3–4 (S.D. Ill. June 28, 2018); *see also United States v. Pickett*, No. 16 C 6461, 2017 WL 1196954, at *2 (N.D. Ill. Mar. 31, 2017) (following *Anglin* in addressing Craig's co-defendant's § 2255 motion despite

arguments that had not been explicitly addressed by the Seventh Circuit). This Court is thus bound to follow *Anglin* and uphold Craig's conviction under § 924(c).

**Conclusion**

For the reasons provided in this Memorandum Opinion and Order, Craig's § 2255 motion [1] [3] is denied. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Craig has not made a substantial showing that reasonable jurists could debate whether his motion should have been resolved in a different manner. 28 U.S.C. § 2253(c)(2); *Narvaez v. United States*, 674 F.3d 621, 626 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). Civil case terminated.

**IT IS SO ORDERED.**          **ENTERED: 8/28/19**

_____
**John Z. Lee**
**United States District Judge**